UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pamela Clark, | Civil No. 23-2648 (DWF/ECW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Hartford Life and Accident Insurance Company, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Hartford Life and Accident Insurance Company's ("Hartford") motion to dismiss Plaintiff Pamela Clark's complaint for lack of prosecution. (Doc. No. 31.) Hartford asks that the Court dismiss the above-entitled matter with prejudice. (*Id.*) Plaintiff did not respond. The Court therefore considered the matter fully briefed and took the matter under advisement based on Defendant's motion and supporting documents. For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Clark asserts claims against Defendant under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). (Doc. No. 1 ¶ 1.) Clark was covered under a group disability policy issued by Hartford to California Institute of Technology, Clark's employer. (*Id.* ¶¶ 5, 7.) Clark became disabled and submitted a claim to Hartford for disability benefits. (*Id.* ¶¶ 13-14.) Hartford denied her claims. (*Id.*

¶ 15.) Clark twice appealed and Hartford twice denied her appeal. (*Id.*) Clark filed suit claiming that Hartford's denial of her disability benefits was "arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law." (*Id.* ¶ 17.)

Hartford filed an answer to the complaint on October 30, 2023. (Doc. No. 6.) Parties were engaged in settlement discussions until July 2024. (*See* Doc. No. 16 ¶ 2.) However, negotiations were delayed because Clark's counsel was unable to reach Clark. (*See id.*) Indeed, her counsel had not been in contact with Clark since the case was filed, despite attempting contact via calls, texts, emails, and letters. (Doc. No. 22 at 2.) On September 16, 2024, Hartford and Clark's counsel jointly filed a motion to extend the deadline for dispositive motions because of that lack of communication. (Doc. No. 16.) The Court granted the motion and ordered Clark's counsel to provide a status report by October 10, 2024, on whether counsel was able to reach Clark. (Doc. No. 18.) Clark's counsel filed the report and confirmed that the firm was still unable to reach Clark, despite numerous attempts. (Doc. No. 19.)

Clark's counsel subsequently moved to withdraw as her attorney. (Doc. No. 21.) The Court granted that motion and stayed the case until January 18, 2025, to allow Clark time to find new counsel. (Doc. No. 28.) That stay was lifted on January 22, 2025, because no new counsel entered an appearance for Clark. (Doc. No. 30.) The Court sent this notice to two addresses on file for Clark.

Hartford then filed this motion to dismiss for lack of prosecution on February 18, 2025. (Doc. No. 31.) Clark's deadline to respond to that motion was March 11, 2025. *See* Local Rule 7.1(c)(2). That deadline has now passed and Clark has not responded.

## DISCUSSION

The Court may order a civil action dismissed if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). Such a dismissal operates as an adjudication on the merits. *Id. Pro se* litigants are not exempt from the requirements of the Federal Rules. *See Zelenak v. Larson*, No. 15-cv-3315, 2017 WL 958421, at *2 (D. Minn. Feb. 14, 2017), *report and recommendation adopted*, 2017 WL 963150 (D. Minn. Mar. 9, 2017). A dismissal under Rule 41(b) may be with or without prejudice. *See* Fed. R. Civ. P. 41(b). Dismissal with prejudice "is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)).

Here, Clark has fully failed to prosecute. Her now-withdrawn attorneys had not been able to contact her since the inception of the complaint. And she has failed to respond to both Defendant's and the Court's communications. While the Court does not presume willful disobedience, there is a continued and persistent failure to prosecute. Accordingly, the Court dismisses Clark's complaint with prejudice.

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's claims with prejudice for failure to prosecute.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss (Doc. No. [31]) is **GRANTED**.

2. Plaintiff's claims against Defendant (Doc. No. [1]) are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  March 14, 2025               s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge